FILED

*BSN*

**UNITED STATES DISTRICT COURT FOR**
**THE MIDDLE DISTRICT OF FLORIDA** 03 AUG -7 PM 12: 30
**Tampa Division**

TAMPA, FLORIDA

| | |
|---|---|
| JMI-DANIELS PHARMACEUTICALS, INC.<br>2527 25th Avenue North<br>St. Petersburg, Florida 33713 | )<br>)<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | )   Civil Action No. 803CV1665-T26EAJ<br>) |
| AMERICAN SAFETY RAZOR COMPANY<br>240 Cedar Knolls Road<br>Cedar Knolls, New Jersey 07927 | )   JURY TRIAL DEMANDED<br>)<br>)<br>) |
| SERVE:<br>       The Corporation Trust Company<br>       Registered Agent<br>       Corporation Trust Center<br>       1209 Orange Street<br>       Wilmington, Delaware 19801 | )<br>)<br>)<br>)<br>)<br>) |
| MEGAS BEAUTY CARE, INC.<br>d/b/a PERSONNA MEDICAL<br>15501 Industrial Parkway<br>Cleveland, Ohio 44135 | )<br>)<br>)<br>)<br>) |
| SERVE:<br>       The Corporation Trust Company<br>       Registered Agent<br>       Corporation Trust Center<br>       1209 Orange Street<br>       Wilmington, Delaware 19801 | )<br>)<br>)<br>)<br>)<br>) |
| BBA U.S. HOLDINGS, INC.<br>401 Edgewater Place<br>Wakefield, Massachusetts 01880 | )<br>)<br>) |
| SERVE:<br>       CT Corporation System<br>       Registered Agent<br>       1200 S. Pine Island Road<br>       Plantation, Florida 33324 | )<br>)<br>)<br>)<br>)<br>) |

TO 22969
$150

\\MI - 65986/0030 - 60139 v1

HOGAN & HARTSON L.L.P., 1111 BRICKELL AVENUE, SUITE 1900 • MIAMI, FL 33131 • TEL. (305) 459-6500 • FAX (305) 459-6550

BBA NONWOVENS SIMPSONVILLE, INC.  )
840 S.E. Main Street                              )
Simpsonville, South Carolina 29681             )
                                                  )
SERVE:                                           )
      The Corporation Trust Company       )
      Registered Agent                    )
      Corporation Trust Center            )
      1209 Orange Street                  )
      Wilmington, Delaware 19801          )
                                                  )
      Defendants.                          )
_____)

## COMPLAINT

Plaintiff JMI-Daniels Pharmaceuticals, Inc. ("JMI-Daniels") brings this action to recover losses sustained because of contaminated cotton Defendants sold to JMI-Daniels which, when used as a packaging component in JMI-Daniels' pharmaceutical products, irreparably damaged those products, causing substantial damages to JMI-Daniels.  For its Complaint, JMI-Daniels alleges as follows:

### Parties

1.      Plaintiff JMI-Daniels is a Florida corporation with its principal place of business in St. Petersburg, Florida.  At all times relevant to this Complaint, JMI-Daniels engaged in, among other things, formulating, packaging, and/or marketing for distribution of the prescription drug products Levoxyl®, Tapazole®, and Soloxine®.

2.      Defendant American Safety Razor Company ("ASR") is a Delaware corporation with its principal place of business in Cedar Knolls, New Jersey.  Defendant Megas Beauty Care, Inc. ("Megas") is a Delaware corporation with its principal place of business in Cleveland Ohio.  At all times relevant to this Complaint, Megas was a division of ASR, doing business as Personna Medical, which had a principal place of business at One Razor Blade Lane, Verona, Virginia (ASR, Megas,

2

and Personna Medical hereinafter collectively referred to as "Personna Medical").  At all times relevant to this Complaint, Personna Medical engaged in the business of selling cotton balls, rolls, and coil items, including its SnoPure cotton product.

3.     Defendant BBA U.S. Holdings, Inc. is a Delaware corporation with its principal place of business in Wakefield, Massachusetts.  Upon information and belief, BBA U.S. Holdings, Inc. is the holding company for various entities, including Defendant BBA Nonwovens Simpsonville, Inc. ("BBA Nonwovens").

4.     Defendant BBA Nonwovens is a Delaware corporation with its principal place of business in Simpsonville, South Carolina.  Upon information and belief, at all times relevant to this Complaint, BBA Nonwovens supplied Personna Medical with processed cotton.

## Jurisdiction and Venue

5.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1), in that complete diversity of citizenship exists between Plaintiff and Defendants and the amount in controversy exceeds $75,000, exclusive of interest and costs.

6.     This Court has personal jurisdiction over the Defendants based upon Fla. Stat. ch. 48.193(1)(a) (operating, conducting, engaging in or carrying on a business or business venture in Florida or having an office or agency in Florida), Fla. Stat. ch. 48.193(1)(f) (manufacturing products used and causing injury within Florida), and/or Fla. Stat. ch. 48.193(1)(g) (breaching a contract in Florida).  Defendants have, directly and through their agents, employees, and representatives, transacted business

\\\MI - 65986/0030 - 60139 v1

HOGAN & HARTSON L.L.P., 1111 BRICKELL AVENUE, SUITE 1900 • MIAMI, FL 33131 • TEL. (305) 459-6500 • FAX (305) 459-6550

within Florida, and have purposefully directed activities towards Florida that are directly related to the acts, conduct, and other wrongs complained of herein.

7.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(a), in that Defendants regularly conduct business within the Middle District of Florida and a substantial part of the events giving rise to this action occurred within the Middle District of Florida.

### Factual Allegations

8.      Levoxyl®, Tapazole®, and Soloxine® are prescription drug products. Levoxyl® is approved by the Food and Drug Administration ("FDA") as a thyroid hormone replacement therapy for human use.  Tapazole® is approved by the FDA to treat hyperthyroidism in humans.  Soloxine® is sold as a thyroid hormone replacement therapy for veterinary use.

9.      At its facility in St. Petersburg, Florida, JMI-Daniels formulates and packages Levoxyl® and Soloxine® for distribution to pharmacies, health care facilities, and/or veterinary treatment facilities throughout the United States, including Florida.  At all times relevant to this Complaint, JMI-Daniels also repackaged Tapazole® at its facility in St. Petersburg, Florida for physician sample use throughout the United States, including Florida.

10.      Purified cotton is commonly used as a packaging component in containers of oral, tablet-form prescription drug products.  Levoxyl®, Tapazole®, and Soloxine® are oral, tablet-form prescription drug products.  Thus, at all times relevant to this Complaint, each container of Levoxyl®, Tapazole®, and Soloxine® was topped

4

with purified cotton before sealing to protect against the risk of damage to the tablets during shipping and distribution.

11.    At all times relevant to this Complaint, JMI-Daniels used only pharmaceutical-grade purified cotton meeting U.S. Pharmacopeia standards as a packaging component in its tablet containers, including the containers of Levoxyl®, Tapazole®, and Soloxine®. The use of such purified cotton in the pharmaceutical industry in this manner and for this purpose was widespread and customary.

12.    In or around September 1998, in St. Petersburg, Florida, Personna Medical sold and delivered to JMI-Daniels 150 cases (about 3,000 pounds) of cotton, known as SnoPure purified cotton, production lot 584509 ("SnoPure Lot 584509"), for which JMI-Daniels paid Personna Medical $7,695.18. JMI-Daniels' purchase of SnoPure Lot 584509 from Personna Medical constituted a contract for sale of goods (the "Contract") under Florida's Uniform Commercial Code – Sales ("UCC") (see Fla. Stat. ch. 672.101, et seq.).

13.    Upon information and belief, Personna Medical had obtained the cotton in SnoPure Lot 584509 from BBA Nonwovens, who processed cotton for Personna Medical with the understanding that the cotton would be used for pharmaceutical purposes and must meet U.S. Pharmacopeia standards. Upon information and belief, as part of its processing method, BBA Nonwovens exposed the cotton sold to JMI-Daniels as SnoPure Lot 584509 to a bleaching process that included treating the cotton with hydrogen peroxide.

14.    JMI-Daniels purchased SnoPure Lot 584509 for the specific purpose of using it as a packaging component in JMI-Daniels' oral, tablet-form

5

pharmaceutical products, including Levoxyl®, Tapazole®, and Soloxine®. Upon
information and belief, Defendants knew that JMI-Daniels purchased SnoPure
Lot 584509 for this specific purpose. JMI-Daniels relied on Defendants' knowledge,
skill, and judgment in entering the Contract and purchasing SnoPure Lot 584509 for
this specific purpose.

15.    When the cotton from SnoPure Lot 584509 was placed into direct
contact with the tablets in the packaging process, a discoloration of Levoxyl® tablets
from white to yellow was discovered, which prompted JMI-Daniels to investigate the
cause.

16.    JMI-Daniels' investigation revealed that SnoPure Lot 584509
contained excess hydrogen peroxide that, upon information and belief, had not been
properly removed after the bleaching process. Due to the presence of excess residual
hydrogen peroxide, contact with the cotton from SnoPure Lot 584509 contaminated at
least eight commercial lots and three sample lots of Levoxyl®, Tapazole®, and Soloxine®,
causing an accelerated rate of potency loss in the active ingredients of the tablets,
thereby rendering those batches of tablets unmarketable. Two lots of Levoxyl®
packaged with cotton from SnoPure Lot 584509 had already been released for
commercial use, forcing JMI-Daniels to recall them.

17.    When JMI-Daniels discovered that SnoPure Lot 584509 contained
the excess residual hydrogen peroxide, it promptly notified Personna Medical in
writing. To date, Defendants have done nothing to correct the problem.

18.    Because of the contamination caused by the cotton manufactured
and supplied by Defendants, JMI-Daniels sustained significant damages trying to

6

resolve the problem, including lost product inventory, excess labor costs, lost profits,

machine retooling costs, product destruction, transportation and delivery costs, and

product testing expenditures, and expenditures relating to conducting a product recall.

### Count One
### (Breach of UCC Sales Contract, Fla. Stat. ch. 672.101, *et seq.*)
### (Against Personna Medical)

19.     JMI-Daniels hereby incorporates by reference and realleges the

allegations in Paragraphs 1 through 18 as if fully set forth herein.

20.     As evidenced by the Contract, the course of dealing between JMI-

Daniels and Personna Medical, and customs of trade in the industry, Personna Medical

agreed to sell and deliver to JMI-Daniels high quality, pharmaceutical-grade, purified

cotton that met U.S. Pharmacopeia standards.

21.     Instead of delivering to JMI-Daniels high quality, pharmaceutical-

grade, purified cotton meeting U.S. Pharmacopeia standards, Personna Medical

delivered to JMI-Daniels SnoPure Lot 584509, which was cotton containing excess

residual hydrogen peroxide, unfit for pharmaceutical use.

22.     By delivering to JMI-Daniels SnoPure Lot 584509, Personna

Medical breached their obligations to JMI-Daniels under the Contract.

23.     Personna Medical's breach of the Contract caused JMI-Daniels

substantial damages, in a total amount not less than $1,600,000.

### Count Two
### (Breach of Express Warranty, Fla. Stat. ch. 672.313)
### (Against Personna Medical)

24.     JMI-Daniels hereby incorporates by reference and realleges the

allegations in Paragraphs 1 through 23 as if fully set forth herein.

7

25.     In connection with the Contract, Personna Medical expressly represented to JMI-Daniels that SnoPure Lot 584509 would conform to certain specifications, descriptions, and requirements.

26.     JMI-Daniels relied on Personna Medical's representations that SnoPure Lot 584509 would conform to certain specifications, descriptions, and requirements.  These representations formed an essential part of the basis of the bargain for JMI-Daniels' entering into the Contract, and thereby created an express warranty in favor of JMI-Daniels.

27.     Personna Medical breached this express warranty, in that SnoPure Lot 584509 did not conform to Personna Medical's representations and contained excess residual hydrogen peroxide.

28.     Personna Medical's breach of the express warranty caused JMI-Daniels substantial damages, in a total amount not less than $1,600,000.

## Count Three
### (Breach of Implied Warranty of Merchantability, Fla. Stat. ch. 672.314)
### (Against All Defendants)

29.     JMI-Daniels hereby incorporates by reference and realleges the allegations in Paragraphs 1 through 28 as if fully set forth herein.

30.     At all relevant times herein, Defendants were "merchant" sellers, as that term is used the UCC, with respect to pharmaceutical supplies, and held themselves out as having knowledge and skill peculiar to the manufacture of pharmaceutical-grade, purified cotton.  Accordingly, a warranty that SnoPure Lot 584509 was of merchantable quality was implied in the Contract.

8

31.     JMI-Daniels purchased SnoPure Lot 584509 and used it as a

packaging component in containers of tablets, including the drugs Levoxyl®, Tapazole®,

and Soloxine®.  JMI-Daniels relied on Defendants' warranty of merchantability in doing

so.

32.     Defendants breached their warranty of merchantability, because

SnoPure Lot 584509 contained excess residual hydrogen peroxide and was therefore

unfit for the normal uses to which pharmaceutical-grade, purified cotton is put.

33.     As a result of Defendants' breach of the implied warranty of

merchantability, JMI-Daniels suffered substantial damages, in a total amount not less

than $1,600,000.

## Count Four
### (Breach of Implied Warranty of Fitness for a Particular Purpose, Fla. Stat. ch. 672.315) (Against All Defendants)

34.     JMI-Daniels hereby incorporates by reference and realleges the

allegations in Paragraphs 1 through 33 as if fully set forth herein.

35.     Upon information and belief, by reason of the business dealings

between and among JMI-Daniels and Defendants, Defendants knew at and prior to the

date of the sale of SnoPure Lot 584509 that JMI-Daniels purchased SnoPure Lot

584509 for the specific purpose of using it as a packaging component in JMI-Daniels'

tablet-form pharmaceutical products, including Levoxyl®, Tapazole®, and Soloxine®.

JMI-Daniels relied on Defendants' knowledge, skill, and judgment in entering the

Contract and purchasing SnoPure Lot 584509 for this specific purpose.

36.     Because Defendants knew of JMI-Daniels' purpose in purchasing

SnoPure Lot 584509, and also knew that JMI-Daniels was relying on Defendants'

9

knowledge, skill, and judgment in connection therewith, an implied warranty arose on behalf of JMI-Daniels that SnoPure Lot 584509 was fit for the specific purpose of using it as a packaging component in JMI-Daniels' tablet-form pharmaceutical products, including Levoxyl®, Tapazole®, and Soloxine®.

37.    Defendants breached the warranty of fitness for a particular purpose because SnoPure Lot 584509 contained excess residual hydrogen peroxide and was therefore unfit for the particular purpose of use as a packaging component for tablet-form, pharmaceutical products.

38.    As a result of Defendants' breach of the implied warranty of fitness for a particular purpose, JMI-Daniels suffered substantial damages, in a total amount not less than $1,600,000.

### Prayer for Relief

WHEREFORE, JMI-Daniels prays that the Court enter judgment in favor of JMI-Daniels and against Defendants, and award JMI-Daniels:

1.    Damages in a total amount of not less than $1,600,000;

2.    Pre- and post-judgment interest;

3.    JMI-Daniels' costs and attorneys' fees, as appropriate; and

4.    Such other relief as this Court may deem just and proper.

JMI-Daniels requests a jury trial on all counts.

\\\MI - 65986/0030 - 60139 v1

HOGAN & HARTSON L.L.P., 1111 BRICKELL AVENUE, SUITE 1900 • MIAMI, FL 33131 • TEL. (305) 459-6500 • FAX (305) 459-6550

Respectfully submitted,

HOGAN & HARTSON L.L.P.

By: _____

Of Counsel (pending admission
pro hac vice):
Emily M. Yinger, Esq.
Caryn A. Boisen, Esq.
HOGAN & HARTSON L.L.P.
8300 Greensboro Drive, Suite 1100
McLean, Virginia  22102
Phone: (703) 610-6161
Fax: (703) 610-6200

Date: August 6th, 2003

Alvin F. Lindsay
HOGAN & HARTSON L.L.P.
Barclay's Financial Center
1111 Brickell Avenue, Suite 1900
Miami, Florida 33131
Phone: (305) 459-6500
Fax: (305) 459-6550

Counsel for Plaintiff JMI-Daniels

11