# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

## CASE NO.:  8:03-CV-1665-T26-EAJ

JM1-DANIELS PHARMACEUTICALS, INC.,

  Plaintiff,

vs.

AMERICAN SAFETY RAZOR COMPANY,
MEGAS BEAUTY CARE, INC. d/b/a PERSONNA
MEDICAL and BBA U.S. HOLDINGS, INC.,

  Defendants.

_____/

## DEFENDANTS, AMERICAN SAFETY RAZOR COMPANY AND MEGAS BEAUTY CARE, INC. d/b/a PERSONNA MEDICAL'S, MOTION TO DISMISS AND MEMORANDUM OF LAW IN SUPPORT THEREOF

COME NOW, Defendants AMERICAN SAFETY RAZOR COMPANY (ASR) and MEGAS BEAUTY CARE, INC. d/b/a PERSONNA MEDICAL (PERSONNA) by and through their undersigned attorneys, and move this Honorable Court to dismiss Plaintiff's Complaint pursuant to *Federal Rule of Civil Procedure* 12(b)(6), and provide the following Memorandum of Law in Support Thereof and say:

  1. Plaintiff's Complaint fails to state a claim upon which relief may be granted against ASR and PERSONNA.

2.      Based upon the allegations contained in Plaintiff's Complaint, a four (4) year statute of limitations is applicable under either *Florida Statute* 95.15(3)(k) or 95.11(3)(p).  Plaintiff's Complaint does not allege the contract at issue was written, and no written contract is attached to the Complaint.  Plaintiff's claims on their face are barred by the four (4) year statute of limitations since the transaction is alleged to have occurred in September of 1998, and the Complaint bears a date of August 6, 2003.  The filing date appears to be August 7, 2003.  Over four (4) years and 10 months have elapsed between September of 1998 and the date of the filing of the Complaint.  All of Plaintiff's claims are barred by the statute of limitations.

3.      Exhibit "A", a copy of which is attached hereto, is a February 1, 1999 claim letter authored by JPI Jones Pharma Incorporated regarding the very claims at issue.   Such notice was discussed in paragraph 17 of Plaintiff's Complaint.  This letter establishes that the Complaint was filed beyond the four (4) year statute of limitations since at least four (4) years and six (6) months have elapsed between the date of that letter and the date suit was filed.

4.      Plaintiff's Complaint seeks recovery of attorney's fees and there are no allegations contained within the Complaint that Plaintiff is entitled to an attorney fee either by written agreement or statute.  Consequently, no claim for attorney's fees has been properly alleged.

WHEREFORE, Defendants AMERICAN SAFETY RAZOR COMPANY and MEGAS BEAUTY CARE, INC. d/b/a PERSONNA MEDICAL respectfully request this Honorable Court to enter an order dismissing Plaintiff's Complaint.

## MEMORANDUM OF LAW

COME NOW, Defendants AMERICAN SAFETY RAZOR COMPANY (ASR) and MEGAS BEAUTY CARE, INC. d/b/a PERSONNA MEDICAL (PERSONNA), by and through their undersigned attorneys, and provide the following Memorandum of Law in Support of their Motion to Dismiss, and say:

## I.   STATUTE OF LIMITATIONS

Plaintiff's Complaint does not allege the contract was written, and no written contract is attached to Complaint. Pursuant to *Florida Statute* 95.11(3)(k), the statute of limitations for an action for the sale and delivery of goods, is four (4) years. The general "catch all" statute of limitations is likewise four (4) years. See *Florida Statute* 95.11(3)(p). Since the transaction is alleged in Paragraph 12 of the Complaint to have taken place in September of 1998, and the Complaint is dated August 6, 2003, (filed on August 7, 2003), more than four (4) years have elapsed between September of 1998 and the date of the filing of the Complaint. Approximately four (4) years and 11 months have transpired between the alleged date of the purchase and the date of filing this action. The alleged breach was discovered at least by February 1, 1999, the date when Plaintiff sent the claim

letter regarding this very matter (over four (4) years and six (6) months before suit was filed).   See Exhibit "A".[1]  Discovery of the alleged breach unquestionably occurred more than four (4) years before suit was filed.  No reasons are set forth in Plaintiff's Complaint which would toll the statute of limitations.  Laches under *Florida Statute* 95.11(6) would likewise bar Plaintiff's action.  The statute of limitations applicable at the time the Complaint is filed controls.  *Pacific Harbor Capital, Inc. v. Barnett Bank, N.A.*, 2000 W.L. 33992234 (M.D. Fla. 2000), *aff'd* 252 F. 3d 1246.

The four (4) year statute of limitations for an implied warranty of merchantability under *Florida Statute* 95.11(3)(k) was held applicable in *R.A. Jones & Sons, Inc. v. Holman*, 470 So.2d 60, 65 (Fla. 3d DCA 1985), *rev. dism.* 482 So.2d 348.  Under the original UCC statute of limitations, *Florida Statute* 672.2-725, a four (4) year statute of limitations was held applicable to breaches of express warranty.  See *Kelly Tractor Co. v. Gurgiolo*, 369 So.2d 992 (Fla. 3d DCA 1979) and *Dade Cty. v. Rohr Industries, Inc.*, 826 F. 2d 983 (11th Cir. 1987) at 989.

*Florida Statute* 95.11(3)(k) is the continuation of the prior four (4) year UCC statute of limitations set forth in *Florida Statute* 627.2-725 (now repealed

---

[1] Other jurisdictions have permitted documents referenced by the complaint to be considered when resolving a motion to dismiss under *Florida Rule of Civil Procedure* 12(b)(6) without going "outside the pleadings".  For example, see *Branch v. Tunnell*, 14 F. 3d 499, 453-4 (9th Cir. 1994).  The concept was discussed by *Bryant v. Avado Brands, Inc.*, 187 F. 3d 1271, *fn.* 16 (11th Cir. 1999).  Written notification to defendants is discussed in paragraph 17 of Plaintiff's complaint, and Exhibit "A" is authentic.

since superfluous). *Lake Wales Publishing Co., Inc. v. Florida Visitor, Inc.*, 335 So.2d 335, 335-336 (Fla. 2d DCA 1976). Since Florida courts have determined that *Florida Statute* 95.11(3)(k) is the continuation of the specific UCC four (4) year limitation period, 95.11(3)(k) prevails over other limitations set forth in a general statute of limitations. *Lake Wales Publishing Co., Inc.* at 335-336. The Federal District Court, sitting in diversity, must apply the law of the forum State, including its most applicable statute of limitations. *Dade Cty. v. Rohr Industries, Inc.*, 826 F. 2d 983, 987 (11th Cir. 1987). Any express or implied warranty claim is likewise subject to a four (4) year statute of limitations for the reasons expressed herein.

*Lake Wales Publishing Co., Inc. v. Florida Visitor, Inc.*, 335 So.2d 335-336 discussed the history regarding the former *Florida Statute* 672.2-725 (1973). The court stated that the former *Florida Statute* 672.2-725 was effectively transferred to *Florida Statute* 95.11(3)(k) (1975) as of January 1, 1975. At footnote 1 at page 335, the court stated:

> The 1975 statute made a four year limitations period applicable to all contracts, and Florida Statute §672.2-725 was repealed as superfluous.

*Dade Cty. v. Rohr*, 826 F. 2d at 988 also stated:

> Section 672.725, however, was repealed as superfluous by 1974 Fla. Laws C. 74-382, Section 26, effective January 1, 1975, when Fla. Stat. §95.11(3)(k) (1975)

made a four year limitation period applicable to all
contracts.

*Florida Statute* 95.11(3)(k) currently states:

Actions other than for recovery of real property shall
be commenced as follows:

(3)    WITHIN FOUR YEARS, -

(k)    a legal or equitable action on a
contract, obligation, or liability
not founded on a written
instrument, including an action
for the sale and delivery of
goods, wares and merchandise,
and on store accounts.

The 1975 language in 95.11(3)(k) is identical to its present text.   The 1975

language also stated:

Actions other than for recovery of real property shall
be commenced as follows:

(3)    WITHIN FOUR YEARS, -

(k)    a legal or equitable action on a
contract, obligation, or liability
not founded on a written
instrument, including an action
for the sale and delivery of
goods, wares and merchandise,
and on store accounts.

As a more specific statute regarding sale and delivery of goods, wares and merchandise,[2] *Florida Statute* 95.11(3)(k) controls over a more general statute of limitations.   Florida courts have reached similar conclusions in a variety of circumstances.   See, e.g., *SunTrust Banks of Florida, Inc. v. Don Wood, Inc.*, 693 So.2d 99, 101 (Fla. 5th DCA 1997); *Sheils v. Jack Eckerd Corp.*, 560 So.2d 361, 363 (Fla. 2d DCA 1990); *Dubin v. Dow Corning Corp.*, 478 So.2d 71, 73 (Fla. 2d DCA 1985); *Bryne v. Gulfstream First Bank & Trust Co. of Boca Raton*, 528 F. Supp. 692, 694 *fn.* 1 (S.D. Fla. 1981), *aff'd.* 720 F. 2d 686.

Regarding the reason for adopting the UCC, Florida adopted *Florida Statute* 671.102(2) which states:

> (2) underlying purposes and policies of this code are:
>
> > (a)   to simply, clarify and modernize the law governing commercial transactions;
> >
> > (b)   to permit the continued expansion of commercial practices through custom, usage and agreement of the parties;
> >
> > (c)   to make uniform the law among the various jurisdictions.

The policy of uniformity is only served by utilizing a four (4) year statute of limitations in this case.   The Uniform Commercial Code adopts a four (4) year statute of limitations for actions related to contracts pertaining to the sale of

---

[2] *Florida Statute* 95.11(2)(b) is a general five (5) year statute of limitations for legal or equitable actions on a contract, obligation or liability founded on a written instrument.

goods. (See UCC §2-725). Frequently citing this policy on uniformity, the vast weight of authority across the nation utilizes the four (4) year statute of limitations identified by the UCC in sale of goods cases where other general statutes of limitation relating to breach of contract actions differ. Vermont, in *Daimler Chrysler Svcs. North America, LLC v. Ouimette*, 2003 W.L. 21107497 (Vt. 2003), applied a four (4) year UCC statute of limitations for sales contracts, as opposed to a general six (6) year statute of limitations for civil actions. West Virginia, in *Greer Limestone Co. v. Nestor*, 332 S.E.2d 589, 593 (W. Va. 1985) applied a four (4) year UCC sale of goods limitation instead of a general five (5) year statute of limitations. Two (2) Michigan cases applied the four (4) year UCC statute of limitations instead of the general six (6) year statute of limitations governing contractual claims: *First of America Bank v. Thompson*, 552 N.W. 2d 516, 520-522 (C.A., Mich. 1996); *Proctor and Schwartz, Inc. v. United States Equipment Co.*, 624 F. 2d 771, *fn.* 2 (6th Cir. 1980). Likewise, New York held in *Levin v. Hoffman Fuel Co., a Division of Chevron, U.S.A., Inc.*, 462 N.Y.S.2d 195, 196 (1st Dept., App. Div., N.Y. 1983), *aff'd.* 455 N.E.2d 663, held that the four (4) year UCC statute of limitations was applicable to a sale of goods case instead of the six (6) year contractual statute of limitations.

Two (2) cases from Maryland applied the four (4) year UCC statute of limitations instead of the general three (3) year statute of limitations for civil

actions at law:  *Scott v. Ford Motor Credit Co.*, 691 A.2d 1320, 1325-26 (C.A. Md. 1997); *Burton v. Artery Co., Inc.*, 367 A.2d 935, 936 (C.A. Md. 1977).

A number of Texas cases apply the four (4) year UCC statute of limitations in cases dealing with contracts for sale and delivery of materials and related matters instead of a two (2) year statute of limitations for actions upon stated or open accounts. *Buck v. ACME Brick Co., a Division of Justin Industries, Inc.*, 666 S.W. 2d 276, 277 (C.A. Tex. 1984); *Smith v. Post-Tensioned Systems, Inc.* 537 S.W. 2d 144 (C.C.A. Tex. 1976); *Kinsey v. Hubby-Reese Co., Inc.*, 530 S.W. 2d 846, 846-847 (C.C.A. Tex. 1975); *Big D Service Co., Inc. v. Climitrol Industries, Inc.*, 514 S.W. 2d 148, 149 (C.C.A. Tex. 1974), *writ. ref.* 523 S.W. 2d 236; *Wilson v. Browning Arms Co.*, 501 S.W. 2d 705, 706 (C.C.A. Tex. 1973); *Ideal Builders Hardware Co. v. Cross Construction Co., Inc.*, 491 S.W. 2d 228, 229-230 (C.C.A. Tex. 1972).

Numerous California decisions have applied the four (4) year statute of limitations under the Uniform Commercial Code as opposed to other general statutes of limitation for either oral or written contracts.  For example, see *H. Russell Taylor's Fire Prevention Service, Inc. v. Coca Cola Bottling Corp.*, 99 Cal. App.3d 711, 724-725 (Ca. 5th DCA 1979), applying a four (4) year UCC statute of limitations instead of a three (3) year statute of limitations for taking, detaining or injuring goods; *Nysel v. Gross*, 138 Cal. Rptr. 873, 875 (Ca., A.D.,

S.C. 1977), applying a four (4) year UCC statute of limitations instead of a statute of limitations for a written contract action, coincidentally also four (4) years; *Hachten v. Stewart*, 42 Cal. App.3d Supp. 1, 2-3 (Ca., A.D., S.C. 1974), applying a four (4) year UCC statute of limitations instead of a two (2) year statute of limitations for oral contracts.

Other jurisdictions have enacted statutes which specifically exclude sale of goods causes of action from other more general statutes of limitation.  Those States include:

a.      Pennsylvania, Section 5529 of the Judicial Code;

b.      New Jersey, N.J. S.A. 2 A: 14-1;

c.      Oregon, O.R.S. 12.080(1);

d.      Illinois, Rev. Stat. 1977, CH 83, Par. 17; and

e.      Ohio, R.C. 2305.06.

As discussed above, in States where there is no specific sale of goods exclusion from a general statute of limitations, the great weight of authority supports the application of the four (4) year statute of limitations, as opposed to a longer or shorter general statute.  To preserve uniformity, as intended by *Florida Statute* 671.102(2)(c), this Honorable Court should apply the statute of limitations set forth in *Florida Statute* 95.11(3)(k), consistent with both Florida law and the weight of authority elsewhere.

Alternatively, the four (4) year "catch all" statute of limitations has been held to apply to a breach of implied warranty of habitability claim. *Elizabeth N. v. Riverside Group, Inc.*, 585 So.2d 376, 377 (Fla. 1st DCA 1991), *rev. den.* 292 So.2d 680. *K/F Development and Investment Corp. v. Williamson Crane and Dozer Corp.*, 367 So.2d 1078, 1079 (Fla. 3d DCA 1979), *cert. den.* 378 So.2d 350 also found an implied warranty claim was subject to the general "catch all" statute of limitations as set forth in *Florida Statute* 95.11(3)(p). In *Margolis v. Andromides*, 732 So.2d 507, 509 (Fla. 4th DCA 1999), *rev. den.* 770 So.2d 159, the parties agreed that the statute of limitations for a cause of action involving breach of implied warranty of authority was four (4) years. Plaintiff's claims are barred under either *Florida Statute* 95.11(3)(k) or 95.11(3)(p).

## II.   ATTORNEY'S FEES

Plaintiff's Complaint does not allege that Plaintiff is entitled to an attorney's fee based upon either contract or statute. Where Plaintiff does not identify an applicable statute or contract which would authorize an award of attorney's fees, such a request is properly stricken. *Italiano v. Jones Chemicals, Inc.*, 908 F. Supp. 904, 907 (M.D. Fla. 1995). At a minimum, ASR and PERSONNA are entitled to a more definite statement as to the basis for any claim regarding attorney's fees.

WHEREFORE, Defendants AMERICAN SAFETY RAZOR COMPANY and MEGAS BEAUTY CARE, INC. d/b/a PERSONNA MEDICAL respectfully request this Honorable Court to enter an order dismissing Plaintiff's Complaint.

I HEREBY CERTIFY that a true and correct copy of the foregoing **MOTION TO DISMISS** has been furnished by Facsimile Transmission and U.S. Mail Delivery on this _____ day of _____, 2003 to: ALVIN F. LINDSAY, ESQ., Hogan & Hartson L.L.P., Barclay's Financial Center, 1111 Brickell Avenue, Suite 1900, Miami, Florida 33131; EMILY M. YINGER, ESQ. and CARYN A. BOISEN, ESQ., Hogan & Harston L.L.P., 8300 Greensboro Drive, Suite 1100, McLean, Virginia 22102.

DONALD L. O'DELL, ESQ.
Florida Bar No.: 248932
STEVEN F. LENGAUER, ESQ.
Florida Bar No.: 224448
**MEIER, LENGAUER, BONNER,
MUSZYNSKI & DOYLE, P.A.**
37 N. Orange Avenue, Suite 1100
Orlando, Florida 32801
Tele:  (407) 872-7774/Fax:(407) 872-7997
*Attorneys for Defendants,
American Safety Razor Company and
Megas Beauty Care, Inc. d/b/a Personna Medical*



*JONES PHARMA INCORPORATED*
*1945 Craig Road, P.O. Box 46903*
*St. Louis, Missouri 63146*
*314 576-6100 Fax 314 469-6749*
*www.jmedpharma.com*

February 1, 1999


Mr. Peter Schnaittacher
Megas/Personna Medical
349 Lake Road
Dayville, CT  06241-0419


RE:  INSURANCE CLAIM – PROPERTY DAMAGE


Dear Mr. Schnaittacher:

As per our telephone conversation, a shipment of Snopure cotton coil purchased through Personna Medical and shipped by Megas Beauty Care to our subsidiary JMI-Daniels, was defective and resulted in damage to our products. The Snopure cotton coil purchased by JMI-Daniels was Lot #584509 and was shipped by Megas Beauty Care to our JMI-Daniels facility in September, 1998.

When the cotton was placed in direct contact with our product, the effect was an accelerated rate of potency loss.  We have determined that this loss was caused by an elevated concentration of an oxidizer, hydrogen peroxide, remaining in the cotton when shipped to our facility.  As a result of our use of your product, we have sustained damages – we have had to withdraw certain of our product from the market and destroy other batches held in inventory.  We have estimated our damages resulting form lost sales and lost merchandise at approximately $1,625,000.

We would like to resolve this matter without the involvement of lawyers and would ask that this claim be submitted to your insurance carrier for prompt handling and payment.  If we do not receive a satisfactory response within seven (7) days from the date of this letter, we will turn this matter over to our attorneys for handling in which event we will also hold you responsible for all of our costs and expenses incurred in recovering for our loss.


# EXHIBIT "A"

Page 2

We look forward to resolving this matter promptly and ask that you contact the undersigned at 314-692-2987 Ext.3039.

Sincerely,

G. Andrew Franz
Executive Vice-President

cc:
- Mr. John Patterson
  American Razor
- United States Fire Insurance
- Lockton Companies

bcc:
- Edward A.Chod, Esq.
- Mr. Dennis M. Jones