## UNITED STATES DISTRICT COURT FOR
## THE MIDDLE DISTRICT OF FLORIDA
### Tampa Division

|  |  |
|---|---|
| JMI-DANIELS PHARMACEUTICALS, INC. | JURY TRIAL DEMANDED |
| Plaintiff, | |
| v. | Case No. 8:03-CV-1665-T-26EAJ |
| AMERICAN SAFETY RAZOR COMPANY, et al., | |
| Defendants. | |

**FILED**

SEP 2 3 2003

Date                                    Time

CLERK, U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA, FLORIDA

### AMENDED COMPLAINT

Plaintiff JMI-Daniels Pharmaceuticals, Inc. ("JMI-Daniels") brings this action to recover losses sustained because of contaminated cotton Defendants sold to JMI-Daniels which, when used as a packaging component in JMI-Daniels' pharmaceutical products, irreparably damaged those products, causing substantial damages to JMI-Daniels. For its Amended Complaint, JMI-Daniels alleges as follows:

### Parties

1.    Plaintiff JMI-Daniels is a Florida corporation with its principal place of business in St. Petersburg, Florida. At all times relevant to this Complaint, JMI-Daniels engaged in, among other things, formulating, packaging, and/or marketing for distribution of the prescription drug products Levoxyl®, Tapazole®, and Soloxine®.

2.    Defendant American Safety Razor Company ("ASR") is a Delaware corporation with its principal place of business in Cedar Knolls, New Jersey.  Defendant Megas Beauty Care, Inc. ("Megas") is a Delaware corporation with its principal place of business in Cleveland Ohio.  At all times relevant to this Complaint, Megas was a division of ASR, doing business as Personna Medical, which had a principal place of business at One Razor Blade Lane, Verona, Virginia (ASR, Megas, and Personna Medical hereinafter collectively referred to as "Personna Medical").  At all times relevant to this Complaint, Personna Medical engaged in the business of selling cotton balls, rolls, and coil items, including its SnoPure cotton product.

3.    Defendant BBA U.S. Holdings, Inc. is a Delaware corporation with its principal place of business in Wakefield, Massachusetts.  Upon information and belief, BBA U.S. Holdings, Inc. is the holding company for various entities, including Defendant BBA Nonwovens Simpsonville, Inc. ("BBA Nonwovens").

4.    Defendant BBA Nonwovens is a Delaware corporation with its principal place of business in Simpsonville, South Carolina.  Upon information and belief, at all times relevant to this Complaint, BBA Nonwovens supplied Personna Medical with processed cotton.

2

## Jurisdiction and Venue

5.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1), in that complete diversity of citizenship exists between Plaintiff and Defendants and the amount in controversy exceeds $75,000, exclusive of interest and costs.

6.     This Court has personal jurisdiction over the Defendants based upon Fla. Stat. ch. 48.193(1)(a) (operating, conducting, engaging in or carrying on a business or business venture in Florida or having an office or agency in Florida), Fla. Stat. ch. 48.193(1)(f) (manufacturing products used and causing injury within Florida), and/or Fla. Stat. ch. 48.193(1)(g) (breaching a contract in Florida).  Defendants have, directly and through their agents, employees, and representatives, transacted business within Florida, and have purposefully directed activities towards Florida that are directly related to the acts, conduct, and other wrongs complained of herein.

7.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(a), in that Defendants regularly conduct business within the Middle District of Florida and a substantial part of the events giving rise to this action occurred within the Middle District of Florida.

## Factual Allegations

8.     Levoxyl®, Tapazole®, and Soloxine® are prescription drug products.  Levoxyl® is approved by the Food and Drug Administration ("FDA") as

3

a thyroid hormone replacement therapy for human use.  Tapazole® is approved by the FDA to treat hyperthyroidism in humans.  Soloxine® is sold as a thyroid hormone replacement therapy for veterinary use.

9.    At its facility in St. Petersburg, Florida, JMI-Daniels formulates and packages Levoxyl® and Soloxine® for distribution to pharmacies, health care facilities, and/or veterinary treatment facilities throughout the United States, including Florida.  At all times relevant to this Complaint, JMI-Daniels also repackaged Tapazole® at its facility in St. Petersburg, Florida for physician sample use throughout the United States, including Florida.

10.    Purified cotton is commonly used as a packaging component in containers of oral, tablet-form prescription drug products.  Levoxyl®, Tapazole®, and Soloxine® are oral, tablet-form prescription drug products.  Thus, at all times relevant to this Complaint, each container of Levoxyl®, Tapazole®, and Soloxine® was topped with purified cotton before sealing to protect against the risk of damage to the tablets during shipping and distribution.

11.    At all times relevant to this Complaint, JMI-Daniels used only pharmaceutical-grade purified cotton meeting U.S. Pharmacopeia standards as a packaging component in its tablet containers, including the containers of Levoxyl®, Tapazole®, and Soloxine®.  The use of such purified cotton in the pharmaceutical industry in this manner and for this purpose was widespread and customary.

4

12.     In or around September 1998, in St. Petersburg, Florida, Personna Medical sold and delivered to JMI-Daniels 150 cases (about 3,000 pounds) of cotton, known as SnoPure purified cotton, production lot 584509 ("SnoPure Lot 584509"), for which JMI-Daniels paid Personna Medical $7,695.18. JMI-Daniels' purchase of SnoPure Lot 584509 from Personna Medical constituted a contract for sale of goods (the "Contract") under Florida's Uniform Commercial Code – Sales ("UCC") (see Fla. Stat. ch. 672.101, *et seq.*). The Contract is memorialized by a JMI-Daniels purchase order dated September 2, 1998, which sets forth the quantity of cotton ordered, the price of the cotton, and the delivery terms (see Purchase Order, Ex. A hereto), as well as by Personna Medical's own shipping documents, which confirm the terms set forth in the purchase order.  (See Shipping Documents, Ex. B hereto).

13.     Upon information and belief, Personna Medical had obtained the cotton in SnoPure Lot 584509 from BBA Nonwovens, who processed cotton for Personna Medical with the understanding that the cotton would be used for pharmaceutical purposes and must meet U.S. Pharmacopeia standards.  Upon information and belief, as part of its processing method, BBA Nonwovens exposed the cotton sold to JMI-Daniels as SnoPure Lot 584509 to a bleaching process that included treating the cotton with hydrogen peroxide.

14.     JMI-Daniels purchased SnoPure Lot 584509 for the specific purpose of using it as a packaging component in JMI-Daniels' oral, tablet-form

5

pharmaceutical products, including Levoxyl®, Tapazole®, and Soloxine®.  Upon

information and belief, Defendants knew that JMI-Daniels purchased SnoPure

Lot 584509 for this specific purpose.  JMI-Daniels relied on Defendants'

knowledge, skill, and judgment in entering the Contract and purchasing

SnoPure Lot 584509 for this specific purpose.

15.    When the cotton from SnoPure Lot 584509 was placed into

direct contact with the tablets in the packaging process, a discoloration of

Levoxyl® tablets from white to yellow was discovered, which prompted JMI-

Daniels to investigate the cause.

16.    JMI-Daniels' investigation revealed that SnoPure Lot 584509

contained excess hydrogen peroxide that, upon information and belief, had not

been properly removed after the bleaching process.  Due to the presence of excess

residual hydrogen peroxide, contact with the cotton from SnoPure Lot 584509

contaminated at least eight commercial lots and three sample lots of Levoxyl®,

Tapazole®, and Soloxine®, causing an accelerated rate of potency loss in the

active ingredients of the tablets, thereby rendering those batches of tablets

unmarketable.  Two lots of Levoxyl® packaged with cotton from SnoPure Lot

584509 had already been released for commercial use, forcing JMI-Daniels to

recall them.

17.    When JMI-Daniels discovered that SnoPure Lot 584509

contained the excess residual hydrogen peroxide, it promptly notified Personna

6

Medical in writing.  To date, Defendants have done nothing to correct the problem.

18.    Because of the contamination caused by the cotton manufactured and supplied by Defendants, JMI-Daniels sustained significant damages trying to resolve the problem, including lost product inventory, excess labor costs, lost profits, machine retooling costs, product destruction, transportation and delivery costs, and product testing expenditures, and expenditures relating to conducting a product recall.

**Count One**
**(Breach of UCC Sales Contract, Fla. Stat. ch. 672.101, *et seq.*)**
**(Against Personna Medical)**

19.    JMI-Daniels hereby incorporates by reference and realleges the allegations in Paragraphs 1 through 18 as if fully set forth herein.

20.    As evidenced by the Contract, the course of dealing between JMI-Daniels and Personna Medical, and customs of trade in the industry, Personna Medical agreed to sell and deliver to JMI-Daniels high quality, pharmaceutical-grade, purified cotton that met U.S. Pharmacopeia standards.

21.    Instead of delivering to JMI-Daniels high quality, pharmaceutical-grade, purified cotton meeting U.S. Pharmacopeia standards, Personna Medical delivered to JMI-Daniels SnoPure Lot 584509, which was cotton containing excess residual hydrogen peroxide, unfit for pharmaceutical use.

7

22.   By delivering to JMI-Daniels SnoPure Lot 584509, Personna Medical breached their obligations to JMI-Daniels under the Contract.

23.   Personna Medical's breach of the Contract caused JMI-Daniels substantial damages, in a total amount not less than $1,600,000.

**Count Two**
**(Breach of Express Warranty, Fla. Stat. ch. 672.313)**
**(Against Personna Medical)**

24.   JMI-Daniels hereby incorporates by reference and realleges the allegations in Paragraphs 1 through 23 as if fully set forth herein.

25.   In connection with the Contract, Personna Medical expressly represented to JMI-Daniels that SnoPure Lot 584509 would conform to certain specifications, descriptions, and requirements.

26.   JMI-Daniels relied on Personna Medical's representations that SnoPure Lot 584509 would conform to certain specifications, descriptions, and requirements.  These representations formed an essential part of the basis of the bargain for JMI-Daniels' entering into the Contract, and thereby created an express warranty in favor of JMI-Daniels.

27.   Personna Medical breached this express warranty, in that SnoPure Lot 584509 did not conform to Personna Medical's representations and contained excess residual hydrogen peroxide.

28.   Personna Medical's breach of the express warranty caused JMI-Daniels substantial damages, in a total amount not less than $1,600,000.

HOGAN & HARTSON L.L.P., 1111 BRICKELL AVENUE, SUITE 1900 • MIAMI, FL 33131 • TEL. (305) 459-6500 • FAX (305) 459-6550

## Count Three
## (Breach of Implied Warranty of Merchantability, Fla. Stat. ch. 672.314)
## (Against All Defendants)

29.   JMI-Daniels hereby incorporates by reference and realleges the allegations in Paragraphs 1 through 28 as if fully set forth herein.

30.   At all relevant times herein, Defendants were "merchant" sellers, as that term is used the UCC, with respect to pharmaceutical supplies, and held themselves out as having knowledge and skill peculiar to the manufacture of pharmaceutical-grade, purified cotton.  Accordingly, a warranty that SnoPure Lot 584509 was of merchantable quality was implied in the Contract.

31.   JMI-Daniels purchased SnoPure Lot 584509 and used it as a packaging component in containers of tablets, including the drugs Levoxyl®, Tapazole®, and Soloxine®.  JMI-Daniels relied on Defendants' warranty of merchantability in doing so.

32.   Defendants breached their warranty of merchantability, because SnoPure Lot 584509 contained excess residual hydrogen peroxide and was therefore unfit for the normal uses to which pharmaceutical-grade, purified cotton is put.

33.   As a result of Defendants' breach of the implied warranty of merchantability, JMI-Daniels suffered substantial damages, in a total amount not less than $1,600,000.

9

**Count Four**
**(Breach of Implied Warranty of Fitness**
**for a Particular Purpose, Fla. Stat. ch. 672.315)**
**(Against All Defendants)**

34.    JMI-Daniels hereby incorporates by reference and realleges the allegations in Paragraphs 1 through 33 as if fully set forth herein.

35.    Upon information and belief, by reason of the business dealings between and among JMI-Daniels and Defendants, Defendants knew at and prior to the date of the sale of SnoPure Lot 584509 that JMI-Daniels purchased SnoPure Lot 584509 for the specific purpose of using it as a packaging component in JMI-Daniels' tablet-form pharmaceutical products, including Levoxyl®, Tapazole®, and Soloxine®.  JMI-Daniels relied on Defendants' knowledge, skill, and judgment in entering the Contract and purchasing SnoPure Lot 584509 for this specific purpose.

36.    Because Defendants knew of JMI-Daniels' purpose in purchasing SnoPure Lot 584509, and also knew that JMI-Daniels was relying on Defendants' knowledge, skill, and judgment in connection therewith, an implied warranty arose on behalf of JMI-Daniels that SnoPure Lot 584509 was fit for the specific purpose of using it as a packaging component in JMI-Daniels' tablet-form pharmaceutical products, including Levoxyl®, Tapazole®, and Soloxine®.

37.    Defendants breached the warranty of fitness for a particular purpose because SnoPure Lot 584509 contained excess residual hydrogen

10

peroxide and was therefore unfit for the particular purpose of use as a packaging component for tablet-form, pharmaceutical products.

38.    As a result of Defendants' breach of the implied warranty of fitness for a particular purpose, JMI-Daniels suffered substantial damages, in a total amount not less than $1,600,000.

### Prayer for Relief

WHEREFORE, JMI-Daniels prays that the Court enter judgment in favor of JMI-Daniels and against Defendants, and award JMI-Daniels:

1.    Damages in a total amount of not less than $1,600,000;

2.    Pre- and post-judgment interest;

3.    JMI-Daniels' costs and attorneys' fees, as appropriate; and

4.    Such other relief as this Court may deem just and proper.

JMI-Daniels requests a jury trial on all counts.

HOGAN & HARTSON L.L.P., 1111 BRICKELL AVENUE, SUITE 1900 • MIAMI, FL 33131 • TEL. (305) 459-6500 • FAX (305) 459-6550

Respectfully Submitted,

HOGAN & HARTSON L.L.P.

By: _____

Of Counsel (*Pro hac vice*
admission pending):
Emily M. Yinger, Esq.
Caryn A. Boisen, Esq.
HOGAN & HARTSON L.L.P.
8300 Greensboro Drive, Suite 1100
McLean, Virginia 22102
Phone: (703) 610-6161
Fax: (703) 610-6200

Alvin F. Lindsay
HOGAN & HARTSON L.L.P.
Barclay's Financial Center
1111 Brickell Avenue, Ste 1900
Miami, Florida 33131
Phone: (305) 459-6500
Fax: (305) 459-6550

Counsel for Plaintiff JMI-Daniels

Date: September 19, 2003

12

## CERTIFICATE OF SERVICE

I hereby certify that on this ___ day of September, 2003, a true

and correct copy of the foregoing was served by U.S. Mail upon Brian L.

Weakland, Esq., Orange Grove Commerce Park, 2805 West Busch Boulevard,

Suite 100, Tampa, Florida  33618; and William J. Witte, Esq., Riley, Hewitt &

Sweitzer, P.C., 650 Washington Road, Suite 300, Pittsburgh, PA  15228, counsel

for the defendants, BBA U.S. Holdings, Inc., and BBA Nonwovens Simpsonville,

Inc.; and Steven F. Lengauer, Esq., and Donald O'Dell, Esq., Meier, Lengauer,

Bonner, Muszynski & Doyle, P.A., 37 North Orange Avenue, Suite 1100,

Orlando, Florida  32801, counsel for the defendants, American Safety Razor

Company and Megas Beauty Care, Inc. d/b/a Personna Medical.


                                        HOGAN & HARTSON L.L.P.


                                        By: _____
Of Counsel (pending admission               Alvin F. Linsday
pro hac vice):                              HOGAN & HARTSON, L.L.P
Emily M. Yinger, Esq.                       Counsel for the Plaintiff
Caryn A. Boisen, Esq.                       JMI-Daniels Pharmaceuticals, Inc.
HOGAN & HARTSON L.L.P.                       Mellon Financial Center
8300 Greensboro Drive, Suite 1100           1111 Brickell Avenue, Ste 1900
McLean, Virginia  22102                     Miami, Florida  33131
Phone: (703) 610-6161                       Phone:  (305) 459-6500
Fax: (703) 610-6200                         Fax: (305) 459-6550

HOGAN & HARTSON L.L.P., 1111 BRICKELL AVENUE, SUITE 1900 • MIAMI, FL 33131 • TEL. (305) 459-6500 • FAX (305) 459-6550

EXHIBIT A

**JMI**
**JMI-Daniels Pharmaceuticals**
2517-25th Avenue North
St. Petersburg, FL 33713-3918
727-323-5151 Fax 727-323-3893

Bill to:
JMI-Daniels Pharmaceuticals
c/o Jones Pharma, Inc.
PO Box 46903
St. Louis, MO 63146

**Purchase Order No.**
**m1006**

| To: | Personna Medical | | Ship To: | JMI-Daniels Pharmaceuticals |
|---|---|---|---|---|
| | PO Box 979 | | | 2828 21st Ave. N. |
| | Verona, VA 24482 | | | St. Petersburg, FL 33713 |

Phone No. 800-264-9694  | Fax No.540-248-7122
JMI Vendor #
Account No:
Contact:  Peter

| P.O. DATE | JMI ACCOUNTING # | ORDERED BY | SHIPPING CARRIER FREIGHT CHARGES | INVOICE TERMS | REQUIRED BY |
|---|---|---|---|---|---|
| 9/2/98 | 1000 5320 050 000 SM | DeFoe | Prepay and add | Net 30 | 9/15/98 |

| QTY ORDERED | OUR ID # OR PART # | DESCRIPTION | PRICE | PER |
|---|---|---|---|---|
| 2550 lbs | 204 | Snopure cotton | 2.75 | lb |
| R 6857 | | Rec'd 1666 lbs 9/9 | | |
| R 6862 | | 9/10/98 rec'd 884#'s | | |
| | | Complete 9-10-98 | | |

Comments/special instructions:
1. All price discrepancies or additional charges must be addressed prior to shipment. Invoices received at a rate higher than quoted will be paid at the quoted rate.
2. Our purchase order number and product id number must appear on all packing lists, invoices and shipping cartons.
3. A packing list referencing our ID # and PO # must be included with each shipment.
4. Enclose certificate of analysis with shipment.
5. Material received should be all of one lot number unless specified otherwise.

Barbara DeFoe   9/2/98

**RECEIVING HOURS - 9:00AM - 1:00PM.**
**MONDAY THROUGH FRIDAY.**    Authorized by

JMI-Daniels' purchase order number must appear on all related correspondence, shipping papers, and invoices.

# EXHIBIT B

AND SO' DIARIES

09/03/98

P. BOX 500
STAUNTON. VA 24402-0500
Phone (540) 248-8000   Fax (540) 248-0522
Telex 822435

Page:    1

SEP 08 REC'

AMERICAN SAFETY RAZOR COMPA.
PERSONNA MEDICAL DIVISION,
P O BOX 70747
CHICAGO, IL 60673-0747

* * * * * * * * * *
* PERSONNA MEDICAL DIVISION *
* * * * * * * * * * * *

MO141285
JONES MEDICAL INDUSTRY
P O BOX 46903
ST LOUIS, MO 63146

S
H
I
P

T
O

MO327388
JONES MEDICAL INDUSTRY
2828 21ST AVE N
ST PETERSBURG, FL 33713

| | | |
|---|---|---|
| SALES ORDER:    394445 | SHIP DATE:  09/03/98    SOLD TO#: MO141285 |
| ORDER DATE:    09/02/98 | SHIP VIA:   ROADWAY                    RO6 |
| SALESPERSON:   S6002 | FOB POINT:  PREPAY AND ADD |
| | PRO NUMBER:  118-480568-3 |
| P.O. NUM: M1006 | CREDIT TERMS: N/30 |

| ITEM NUMBER | UNIT OF MEASURE | QUANTITY SHIPPED | OPEN QUANTITY | PRICE CODE | UNIT PRICE | EXTENDED PRICE |
|---|---|---|---|---|---|---|
| 21206 | CCS | 150.0 | 0 | MJONES-7 | 46.75 | 7012.50 |
| OIL, SNOPURE COTTON-17L 7GM | | | | | | |
| Lot/Serial Numbers Shipped: | | Qty | Expire | | | |
| 584509 | | 150.0 | | | | |

05 1000 5320 050000 SM
9/8

| | | | |
|---|---|---|---|
| Non-Taxable:    7,695.18 | Currency: USD | Line Total:  7,012.50 |
| | | FREIGHT    .10 : | 682.68 |
| | | Total Tax: | 0.00 |
| | | Total: | 7,695.18 |

GROSS AMOUNT DUE 10/03/98.

PRICES IS SUBJECT TO THE TERMS AND CONDITIONS SET FORTH ON THE REVERSE SIDE. THIS INVOICE HAS BEEN SENT FROM PERSONAL BUSINESS BY AUTOMATIC SYSTEM

7-03-0A 713-1 /C2 507 11 0F 02

M1006

MEGAS BEAUTY CARE, INC. SHIP CODE 0453
349 LAKE RD
DAYVILLE CT 06241

JONES MEDICAL INDUSTRY
2828 21ST AVE N
ST PETERSBURG FL 33713    0226

ALL FREIGHT HAS BEEN RECEIVED IN GOOD
ORDER UNLESS NOTED BELOW. PLEASE ENTE
YOUR SIGNATURE AND DATE IN YELLOW BLC
THANK YOU! ROADWAY EXPRESS, INC.

PLEASE SIGN HERE    DATE    TIME

SEE FINAL PAGE...

394445-02

PRO 118-480568-3

SEE FINAL PAGE...    43    SEE FINAL PAGE

| NO. HU | PKG | HM | DESCRIPTION OF ARTICLES | CODE | WEIGHT (LB) | RATE | CHARGES |
|---|---|---|---|---|---|---|---|
| 150 | CTN | | ABSORBANT COTTON 3 75 PCF | 577.5 | 3000 | | |
| | | | NMFC=06821001 CLC200 | | | | |
| | | | LBS2000 | | 2000 | | |
| | | | LBS5000 | | 5000 | | |
| | | | 3.75 PCF | CUBC | 500 | | |
| | | | CFT500 | | | | |
| | | | INSPECTION CHARGE | INSP | | | |
| | | | GENERAL SURCHARGE (FUEL/FRT) | | | | |
| | | | INSPECTION PERFORMED AT 120 | | | | |

CONSIGNEE'S COPY

| ADV CHL | CL HU DATE | ADV CL FRT BALL NO | ADV CHL AMT | DUE FM AD |
|---|---|---|---|---|

118-480568-3

DC

7-03-90 713-1 /C2 507    PAGE 02 OF 02    PRO NO

M1006

MEGAS BEAUTY CARE, INC. SHIP CODE 0453
349 LAKE RD
DAYVILLE CT 06241

JONES MEDICAL INDUSTRY
2828 21ST AVE N
ST PETERSBURG FL 33713    0226

ALL FREIGHT HAS BEEN RECEIVED IN GOOD
ORDER UNLESS NOTED BELOW. PLEASE ENTER
YOUR SIGNATURE AND DATE IN YELLOW BLOCI
THANK YOU! ROADWAY EXPRESS, INC.

PLEASE SIGN HERE    DATE    TIME
X _Ronald John_    9/8/78

DESCRIPTION CORRECTION    ISS. 09-04
INSPECTED PER NMFC ITEM 360-3
DTD READ PCS: 150 WT: 3000

394445-02

PRO 118-480568-3

CENTRAL
INVOICING-
DO NOT INV.
LOCALLY

| NO. HU | PKG | HM | DESCRIPTION OF ARTICLES | CODE | WEIGHT (LB) | RATE | CHARGES |
|---|---|---|---|---|---|---|---|
| 150 | TTL | /// | | TTL | 3000 | | PF |
| | | | FO=M1006 | PODP | | | |



_Rcvd_ 98 of 150

— PERSONNA MEDICAL DIVISION —
P A C K I N G   L I S T
PAGE:    1
PRINT DATE: 09/03/98

ORDER NUMBER:      394445
SHIP TO:           M0327388
JONES MEDICAL INDUSTRY
2828 21ST AVE N
ST PETERSBURG, FL 33713

PURCHASE ORDER:    M1006

PREPAY AND ADD FREIGHT
MARK CS WITH CODE # 204 FOR CAT # 21206
C OF C TO ACCOMPANY SHIPMENT
ONE LOT NUMBER ONLY!!!

| Ln | Item Number | Site T Location | Qty Open Qty to Ship | UM | Due Shipped | Weight | Cu |
|----|-------------|-----------------|----------------------|----|-------------|--------|-----|
| 1 | 21206 | 6910 | 150.0 | CS | 09/10/98 * | 0 | 0.0 |
| | COIL, SNOPURE COTTON-17L B 9GM | | | | | | |
| | ST 584509 | a1 | 150.0 | | ( 150 ) | 3000 | 963.0 |
| | | Totals | 150.0 | | | 3000 | 963.0 |

ID 204
R # 6862
LoT # WO584509
52017 # 2 884 #

92 1098
JP